**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

ALICE E. CRIPPS, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-14-416-JHP-KEW
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**<u>FINDINGS AND RECOMMENDATION</u>**

This matter comes before the Court on Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #21). By Order entered March 10, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered March 29, 2016, Judge Payne reversed the decision of the Commissioner to deny Claimant's applications for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 17.80 hours of time expended by his attorney at the stipulated fee rate and 18.30 hours for counsel's paralegal for a total request of $4,937.50 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending that special circumstances makes an award of fees unjust. Alternatively, the Commissioner contends the fees

requested are not reasonable.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Here, Defendant does not contend her position in the litigation was substantially justified. Rather, she asserts special circumstances makes such an award unjust. The special circumstances presented in this case are that this Court rejected all of Claimant's arguments for reversal in the appeal except that an additional medical source statement which constituted new evidence but was apparently not received by the Appeals Council,

potentially because of Claimant's attorney's failure to insure the report was transmitted successfully to the Appeals Council. Claimant contends the report was successfully received by the Appeals Council on July 17, 2013 through the use of the Appeals Council's bar code but that the receipt was not confirmed by the Council. Claimant asserts this is not an unusual occurrence.

This case presents a close factual call, since Defendant's position in this litigation is not called into question but rather the administrative handling of new evidence. However, without more evidence of Claimant's attorney's complicity in the failure to insure receipt of the new evidence by the Appeals Council, this Court is unwilling to completely deny his fee as unjust. He has represented as an officer of the court that he submitted the documents in accordance with the procedures outlined by the Appeals Council and, based upon these representations, counsel's fee will not be denied in toto.

Defendant next argues that the fees charged by the paralegal were excessive. It has been noted in prior orders for compensation by this attorney that he is blind and requires assistance from his paralegal to perform his required tasks. Morris v. Colvin, CIV-14-378-RAW-KEW; Tubby v. Colvin, CIV-14-280-RAW-KEW. Many of the matters labeled by Defendant as clerical entail functions which are necessary for any attorney to meet his ethical obligation. This Court will not reduce the amount claimed for these items. This Court concludes Claimant's request for fees is reasonable under the

circumstances presented by this case.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #21) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $4,937.50.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE